FILED
Jeffrey A. Apperson, Clerk
MAY 1 3 2008
U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KRYSTAL FORD                                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:05CV-347-S

TOBHIYAH WESTENHOFFER                                                       DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any. The fact that a witness has been convicted of a felony offense is another factor you may consider in deciding whether you believe the testimony of that witness.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

The plaintiff claims that the defendant, while acting under color of state law, intentionally committed acts that deprived her of rights under the Constitution of the United States.

The plaintiff claims that the defendant, while acting under color of authority as a Louisville Metro Corrections Officer, violated her constitutional rights by intentionally conducting a strip search of her person. The defendant denies that she conducted a strip search, and affirmatively states that she had an individualized suspicion to support all of her actions. A strip search, as that term is used in these instructions, refers to an inspection of a naked individual.

Under the Constitution of the United States, a citizen has the right not to be subjected to an unreasonable search of her person. However, a person arrested — for any offense — may be strip searched if there is an individualized suspicion that the person arrested is carrying or concealing a weapon, drugs, or other contraband.

A person may sue for an award of money damages against anyone who, under color of any state law, intentionally commits acts that violate her rights under the Constitution of the United States.

The plaintiff must prove each of the following by a preponderance of the evidence:

1. That the defendant intentionally committed acts that violated the plaintiff's federal constitutional rights by strip searching the plaintiff without individualized suspicion that the plaintiff was carrying or concealing a weapon, drugs, or other contraband;

2. That in so doing the defendant acted under color of the authority of the Commonwealth of Kentucky; and

3. That the defendant's acts were the legal cause of the plaintiff's damages.

In this case the parties have stipulated that the defendant acted under color of state law and you may accept that fact as proven.

Damages are "legally caused," as used in these instructions, by an act if it appears from the evidence that the act played a substantial part in bringing about or actually causing the damages claimed, and that the damages were a reasonably foreseeable consequence of the act.

You will record your verdict on Verdict Form A, sign and date the form. If you have found for the plaintiff on Verdict Form A, you will continue to the next instruction. If you have found for the defendant on Verdict Form A, you will end your deliberations and return to the courtroom.

If you have found for the plaintiff, Krystal Ford, on Verdict Form A, you will determine what sum or sums of money you believe will fairly and reasonably compensate her for the injury or injuries, if any, you believe from the evidence she sustained as a direct result of the wrongful conduct of the defendant.

If you find for the plaintiff on Verdict Form A, but do not find that she sustained actual damages, you must return a verdict for the plaintiff in some nominal sum such as One Dollar ($1.00). The award of a nominal sum would not preclude your awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these instructions.

You will record your verdict on Verdict Form B, sign and date the form. Then you will continue to the next instruction.

If you have found for the plaintiff on Verdict Form A, and awarded the plaintiff a sum of money as actual or nominal damages, you will determine whether to award punitive damages.

The law permits you to award an injured person punitive damages in order to punish a wrongdoer for any extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you have found from the evidence that the conduct of the defendant which cause damage to plaintiff was maliciously, wantonly, or oppressively done, then you may make an award of damages in such amount as you unanimously agree to be proper as punitive damages.

"Maliciously" means prompted or accompanied by ill will, spite, or grudge.

"Wantonly" means done in reckless or callous disregard of or indifference to the rights of the plaintiff.

"Oppressively" means done in a way or manner which injures, damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, disability, or misfortune of another person.

You will record your verdict on Verdict Form C, sign and date it. You will then end your deliberations and return to the courtroom.

In determining the amount of any damages that you decide to award, whether actual, nominal, or punitive, you should be guided by dispassionate common sense. You may use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the forms which set forth the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.

# VERDICT FORM B

| **United States District Court** | **District** <br> Western District of Kentucky |
|---|---|
| **Case Title** <br><br> KRYSTAL FORD <br><br> v. <br><br> TOBHIYAH WESTENHOFFER | **Docket No.** <br><br><br> CIVIL ACTION NO. 3:05CV-347-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE :**

Award the plaintiff, Krystal Ford, actual damages in the amount of $_____.

## OR

Award the Plaintiff, Krystal Ford, nominal damages in the amount of $_____.

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM C**

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>KRYSTAL FORD<br><br>v.<br><br>TOBHIYAH WESTENHOFFER | Docket No.<br><br><br>CIVIL ACTION NO. 3:05CV-347-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE :

Award the plaintiff, Krystal Ford, the sum of $_____ in punitive damages as against the defendant, Tobhiyah Westenhoffer.

| Foreperson's Signature | Date |
|---|---|
| | |